UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

**MICHAEL JASON PROFITT**                                                               **PLAINTIFF**

**v.**                                    **CIVIL ACTION NO. 3:09CV-659-H**

**ACDC** *et al.*                                                 **DEFENDANTS**

### MEMORANDUM OPINION

Plaintiff Michael Jason Profitt filed a *pro se* complaint on a court-supplied form. As Defendants, he names ACDC, Black Ice, 911 Call, Motley Crue, Pamela Anderson, and Lora at Central State Hospital. He claims that Defendants "stole lyrics . . . from 911 call with Asa Bin Laden." He alleges "criminal theft" and states:

> Check copyright of Motley Crue I have Motley Crue band name and also I have all kinds of other band thefts going on. It's a set-up with Asa Bin Laden and [illegible] to kill [illegible] the American and Thailand set-up with Lora at Central State Hospital
>
> You can check 911 call . . . and I sung the lyrics on 911 call before the first CD came out.

As relief, Plaintiff asks the Court "to check."

"[A] district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999).

Here, Plaintiff alleges criminal theft. However, the "[a]uthority to initiate a criminal complaint rests exclusively with state and federal prosecutors." *Sahagian v. Dickey*, 646 F. Supp. 1502, 1506 (W.D. Wis. 1986); *United States v. Nixon*, 418 U.S. 683, 693 (1974) ("[T]he Executive Branch has exclusive authority and absolute discretion to decide whether to prosecute

a case."); *Williams v. Luttrell*, No. 03-5950, 2004 WL 1193955, at *2 (6th Cir. May 27, 2004) ("[A]s a private citizen, Williams has no authority to initiate a federal criminal prosecution of the defendants for their alleged unlawful acts."); *Saro v. Brown*, No. 00-5384, 2001 WL 278284, at *1 (6th Cir. Mar. 15, 2001) ("A private citizen has no authority to initiate a federal criminal prosecution; that power is vested exclusively in the executive branch."). And "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R. S. v. Richard D.*, 410 U.S. 614, 619 (1973).

Further, Plaintiff's allegation that his lyrics were stolen during a "911 call with Asa Bin Laden" is illogical, irrational, and incredible. And any purported copyright action is time barred as the Court takes judicial notice that the band named "Motley Crue" has been in existence well over a decade. *See* 17 U.S.C. § 507 (providing that civil action under copyright law must be commenced within three years after accrual); *Bridgeport Music, Inc. v. Diamond Time, Ltd.*, 371 F.3d 883, 889 (6th Cir. 2004) ("A cause of action accrues when a plaintiff knows of the infringement or *is chargeable with such knowledge*.") (emphasis added).

Because the allegations in Plaintiff's complaint "are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion," *Apple*, 183 F.3d at 479, the action must be dismissed for lack of subject matter jurisdiction.

The Court will, therefore, enter a separate order of dismissal.

Date:

cc: Plaintiff, *pro se*
4412.005

2